Thomas J. Rossa, #2806
HAYES SOLOWAY P.C.
2150 South 1300 East
Suite 500
Salt Lake City, UT 84106
Telephone:  (801) 326-1982
Facsimile:   (801) 990-4601
Cell:            (801 556 7197
Attorneys for Plaintiff Rebound
Nutraceuticals, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REBOUND NUTRACEUTICALS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAPBRAN HOLDINGS, LLC, a California limited liability company and NUTRIBULLET, LLC, a California limited liability company,<br><br>Defendants. | **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND UNENFORCABILITY**<br><br>**JURY DEMAND**<br><br>Case No.: 2:17-cv-00693<br><br>Judge: David Sam |

For its Complaint against the above-named Defendants, Plaintiff Rebound Nutraceuticals, LLC ("Plaintiff" or "REBOUND") alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for a declaratory judgment adjudicating the rights of the respective parties. Jurisdiction of this Court arises under 28 U.S.C. §1331, the Federal

Declaratory Judgments Act (28 U.S.C. §§2201and 2202) and the laws of the United States concerning actions relating to trademarks (15 U.S.C. §1051 et seq.).

2.      Venue is proper in the United States District Court for the District of Utah, Central Division, under 28 U.S.C. §§1391(b) and (c).

## PARTIES

3.      Plaintiff REBOUND is a limited liability company organized and existing under the laws of the State of Utah and having a place of business in Salt Lake City, Utah.

4.      Defendant Capbran Holdings, LLC (hereinafter referred to as "CAPBRAN") is a limited liability company organized and existing under the laws of the State of California and, upon information and belief, with its principal place of business at 11601 Wilshire Boulevard, Suite 2300, Los Angeles, California 90025.

5.      Defendant Nutribullet, LLC ("NUTRIBULLET") is a limited liability company organized and existing under the laws of the State of California and, upon information and belief, with its principal place of business at 11601 Wilshire Boulevard, Suite 2300, Los Angeles, California 90025.

6.      Upon information and belief, NUTRIBULLET is related to CAPBRAN, and has obtained a license or such other rights under and/or from CAPBRAN sufficient for NUTRIBULLET to join CAPBRAN as a co-plaintiff charging others with infringement of the CAPBRAN Marks. Upon information and belief, CAPBRAN and NUTRIBULLET share common ownership, and their respective principal places of business are in the same building and same suite.

7.      Upon information and belief, both CAPBRAN and NUTRIBULLET are offering for sale and selling a line of household blenders within Salt Lake City and within the

State of Utah. Upon further information and belief, CAPBRAN and NUTRIBULLET both regularly and systematically conduct business within and throughout the United States and in the State of Utah.

## BACKGROUND

8. Plaintiff REBOUND is the owner of the trademark MAGIC BULLET including its related good will and United States Trademark Registration 4,984,218which issued on June 21, 2016 based on an application that was filed on November 18, 2014 in International Class 005 for medicinal drinks, namely, over-the-counter drinks for addressing symptoms attributable to the consumption of alcoholic beverages (hereinafter the REBOUND REGISTRATION) (a copy of REBOUND REGISTRATION is attached as Exhibit 1).

9. REBOUND causes to be manufactured and distributes a dietary supplement in the form of a medicinal liquid drink sold in single serving containers under the registered trademark "MAGIC BULLET". Plaintiff REBOUND does not manufacture, offer for sale, advertise, market and/or sell kitchen appliances, blenders, or any other kitchen appliance and thus does not manufacture, offer for sale, advertise, market and/or sell electrical or electronic kitchen appliances, blenders, or any other such kitchen appliance under the "MAGIC BULLET" mark or any other brand.

10. By letter dated May 9, 2017 (copy attached as Exhibit 2), received by Plaintiff from counsel for CAPBRAN and a letter dated June 23, 2017 from Mr. Trojan on behalf of CAPBRAN directed to Thomas J. Rossa Counsel for REBOUND (Exhibit 3) , CAPBRAN asserts causes of action against REBOUND as follows:

   a. Alleged trademark infringement of CAPBRAN's rights to the mark MAGIC BULLET;

3

  b. REBOUND's use of its MAGIC BULLET mark is allegedly diluting the MAGIC BULLET mark of CAPBRAN;

  c. REBOUND's use of MAGIC BULLET allegedly "tarnishes" the MAGIC BULLET mark of CAPBRAN.

11. Upon information and belief, Defendant CAPBRAN is the owner of the following registered trademarks (hereinafter the (CAPBRAN Marks"):

  a. United States Trademark Registration 2,947,492 registered on May 1, 2005 for the mark MAGIC BULLET in International Class 007 in connection with electronic appliances, namely kitchen food processors. (a copy of the registration is attached as Exhibit 4)

  b. United States Trademark Registration 2,929,383 registered on March 1, 2005 for the mark THE MAGIC BULLET in International Class 007 in connection with kitchen appliances, namely electronic food blenders (a copy of the registration is attached as Exhibit 5)

12. The products sold by REBOUND under its MAGIC BULLET mark and the products sold by CAPBRAN under its MAGIC BULLET marks are in no respects overlapping or related. The United States Patent and Trademark Office determined there was no likelihood of confusion as to the source of goods with any other marks known to the United States Patent and Trademark Office, including the CAPBRAN Marks, when REBOUND's application to register MAGIC BULLET was examined, allowed and published, (all without objection by CAPBRAN), thus eventually leading to the REBOUND REGISTRATION for MAGIC BULLET (Exhibit 1).

4

13. REBOUND has informed CAPBRAN by letter dated June 19, 2017 from Mr. Thomas Rossa to Mr. Trojan (Exhibit 6) that the causes of action asserted in Mr. Trojan's letter of May 9, 2017 were without merit, specifically that:

   a. The charges of trademark infringement could not be shown because, *inter alia*, the United States Patent and Trademark Office has found there was no likelihood of confusion when it allowed the application of REBOUND without objection by CAPBRAN, leading to the REBOUND Registration for the mark MAGIC BULLET, and further, because a can containing a drink presents no likelihood of confusion with an expensive kitchen appliance.

   b. The charges of dilution could not be shown because the MAGIC BULLET mark and the BULLET marks of CAPBRAN are not famous, given the existence of others using the marks, with some uses predating the first commercial use by CAPBRAN.

   c. The alleged "tarnishment" contention is unfounded because, *inter alia,* CAPBRAN cannot show that its marks are famous within the meaning of the Lanham Act.

14. In the letter from REBOUND to CAPBRAN of June 19, 2917 (Exhibit 6), REBOUND demanded that CAPBRAN withdraw its demand that REBOUND cease and desist from further use of the mark MAGIC BULLET. As of this date, CAPBRAN has not withdrawn its cease and desist demand of May 9, 2017 (Exhibit 2).CAPBRAN reasserted its demands in its letter dated June 23, 2017 (Exhibit 3).

**JUSTICIABLE CONTROVERSY**

15. An actual and genuine controversy exists between Plaintiff REBOUND and Defendants CAPBRAN and NUTRIBULLET with regard to the scope and enforceability of Defendants' U.S. Trademark Reg. No. 2,947,492 (Exhibit 4), and whether the marketing and

sale within the United States of the REBOUND's liquid drink in cans infringes, or does not infringe, the alleged trademark rights of Defendants under 15 U.S.C. §1114(a).

16.    An actual and genuine controversy exists between Plaintiff REBOUND and Defendants CAPBRAN and NUTRIBULLET with regard to asserted dilution and asserted tarnishment under 15 U.S.C. §1125(c) and whether use by REBOUND does or does not dilute, or does or does not tarnish, the marks of CAPBRAN and NUTRIBULLET because, *inter alia,* the MAGIC BULLET marks asserted by CAPBRAN and, upon information and belief, controlled by CAPBRAN and NUTRIBULLET together, are not famous

## FIRST CLAIM FOR RELIEF

### (Non-infringement of U.S. Trademark Reg. No. 2,947,492)

For a cause of action against CAPBRAN and NUTRIBULLET, REBOUND alleges that:

17.    Plaintiff REBOUND hereby incorporates all the allegations set forth in paragraphs 1 through 16 the same as if set forth herein.

18.    REBOUND's past, present or future acts of manufacturing, marketing, selling, offering for sale, advertising for sale, importing and otherwise using its liquid drink product under its "MAGIC BULLET" mark throughout and/or into the United States does not now, has not heretofor and does not hereafter infringe, directly, indirectly and/or contributorily, the trademark rights of CAPBRAN and NUTRIBULLET, separately and together, to the mark MAGIC BULLET in international class 007 under United States Trademark Reg. No. 2,947,492.(Exhibit 4).

## SECOND CLAIM FOR RELIEF

### (Invalidity or Unenforceability of U.S. Trademark Reg. No. 2,947,492)

For a cause of action against CAPBRAN and NUTRIBULLET, REBOUND alleges that:

19.     Plaintiff REBOUND hereby incorporates all the allegations set forth in paragraphs 1 through 16 hereinbefore the same as if set forth herein.

20.     Upon information and belief, U.S. Trademark Reg. No. 2,947,492 owned by CAPBRAN and, upon information and belief, licensed to NUTRIBULLET, is invalid and unenforceable against REBOUND, in whole or in part, for failure to satisfy the statutory and other requirements of one or more sections of Title 15 of the United States Code including, but not limited to, one or more of the provisions of 15 U.S.C. §§1051 et seq., and/or the implementing Code of Federal Regulations, and/or based on equitable considerations arising under federal common law. In addition, or in the alternative, Defendants CAPBRAN and NUTRIBULLET, separately and together, are not entitled to permanent or preliminary injunctive relief against Plaintiff REBOUND, or anyone in privity with Plaintiff REBOUND.

## THIRD CLAIM FOR RELIEF

### (Non-infringement of U.S. Trademark Reg. No. 2,929,383)

For a cause of action against CAPBRAN and NUTRIBULLET, REBOUND alleges that:

21.     Plaintiff REBOUND hereby incorporates all the allegations set forth in paragraphs 1 through 16 hereinbefore the same as if set forth herein.

22.     REBOUND's past, present or future acts of manufacturing, marketing, selling, offering for sale, advertising for sale, importing and otherwise using its liquid drink product under its "MAGIC BULLET" mark throughout and/or into the United States does not now, has not heretofore and does not hereafter infringe, directly, indirectly and/or contributorily, the trademark rights of CAPBRAN and NUTRIBULLET, separately or together, to the mark MAGIC BULLET in international class 007 under United States Trademark Reg. No2,929,383.(Exhibit 4).

## FOURTH CLAIM FOR RELIEF

### (Invalidity or Unenforceability of U.S. Trademark Reg. No. 2,929,383)

For a cause of action against CAPBRAN and NUTRIBULLET, REBOUND alleges that:

23. Plaintiff REBOUND hereby incorporates all the allegations set forth in paragraphs 1 through 16 hereinbefore the same as if set forth herein.

24. Upon information and belief, U.S. Trademark Reg. No. 2,929,383 owned by CAPBRAN and, upon information and belief, licensed to NUTRIBULLET, is invalid and unenforceable against REBOUND, in whole or in part, for failure to satisfy the statutory and other requirements of one or more sections of Title 15 of the United States Code including, but not limited to, one or more of the provisions of 15 U.S.C. §§1051 et seq., and/or the implementing Code of Federal Regulations, and/or based on equitable considerations arising under federal common law. In addition, or in the alternative, Defendants CAPBRAN and NUTRIBULLET, separately and together, are not entitled to permanent or preliminary injunctive relief against Plaintiff REBOUND, or anyone in privity with Plaintiff REBOUND.

## FIFTH CLAIM FOR RELIEF

### (No Dilution or Tarnishment under 15 U.S.C. § 1125(c))

For a cause of action against CAPBRAN and NUTRIBULLET, REBOUND alleges that:

25. Plaintiff REBOUND hereby incorporates all the allegations set forth in paragraphs 1 through 16 hereinbefore the same as if set forth herein.

26. Plaintiff REBOUND's use of the mark MAGIC BULLET does not in any way dilute or tarnish any of the trademark rights of CAPBRAN and NUTRIBULLET, separately or together, because the marks MAGIC BULLET (Exhibits 4 and 5) and the BULLET marks being asserted against REBOUND are not famous within the meaning of 15 U.S.C. §1125 (c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered by this Court in favor of REBOUND and against Defendants CAPBRAN and NUTRIBULLET, separately and together, adjudicating and declaring the rights of the Plaintiff REBOUND and Defendants CAPBRAN and NUTRIBULLET as follows:

    A.    Declaring that Plaintiff REBOUND has not and is not infringing, by continuing to use the mark MAGIC BULLET on and in connection with medicinal drinks sold in cans as it is now, will not hereafter infringe, any of the trademark rights in or to the mark MAGIC BULLET of CAPBRAN and NUTRIBULLET, separately or together, including those arising under U.S. Trademark Reg. No. 2,947,492,or otherwise;

    B.    Declaring that U.S. Trademark Reg. No. 2,947,492 is invalid or unenforceable against Plaintiff REBOUND;

    C.    Declaring that Plaintiff REBOUND has not and is not infringing, by continuing to use the mark MAGIC BULLET on and in connection with medicinal drinks sold in cans as it is now, will not hereafter infringe, any of the trademarks right in or to the mark THE MAGIC BULLET of CAPBRAN and NUTRIBULLET, separately or together, including those arising under U.S. Trademark Reg. No. 2,929,383, or otherwise;

    D.    Declaring that U.S. Trademark Reg. No. 2,929,383 is invalid or unenforceable against Plaintiff REBOUND;

    E.    Declaring that Plaintiff REBOUND may lawfully use, manufacture, market, sell, advertise, distribute and import in or into the United States the Plaintiff's liquid drink product under the mark "MAGIC BULLET as such does not dilute or tarnish any trademark rights of CAPBRAN and NUTRIBULLET, separately or together;

      F.      Enjoining CAPBRAN and NUTRIBULLET, separately and together, and all others acting in concert with either or both CAPBRAN and NUTRIBULLET, from making threats or accusations against REBOUND, REBOUND's distributors, agents and sellers, REBOUND's customers, and REBOUND's end-users, to the force or effect that the use, manufacture, marketing, sale or importation of REBOUND's MAGIC BULLET liquid drink in or into the United States infringes, dilutes, and/or tarnishes any right of CAPBRAN or NUTRIBULLET including, but not limited to, any trademark right and all trademark rights in or to the marks MAGIC BULLET and THE MAGIC BULLET;

      G.      Awarding the Plaintiff REBOUND its costs of suit, reasonable attorneys' fees and prejudgment and post-judgment interest as required or permitted by law; and

      H.      Awarding such other relief as to which Plaintiff may be entitled, or that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action for all issues that are triable by jury.

Dated: June 26, 2017                      /s/   Thomas J. Rossa

                                                 Thomas J. Rossa, #2806
                                                 HAYES SOLOWAY P.C.
                                                 2150 South 1300 East
                                                 Suite 500
                                                 Salt Lake City, UT 84106
                                                 Telephone: (801) 326-1982
                                                 Facsimile:  (801) 990-4601

                                                 Attorneys for Plaintiff Rebound Nutraceuticals, LLC

## DECLARATION

I, Joseph H. Edwards, a citizen and resident of the United States and the State of Utah, do hereby declare, under penalty of perjury of the laws of the United States, that I am the Chief Executive Officer of Plaintiff, I am an adult individual competent to testify on the matter stated hereinabove, and that the facts contained and alleged by Plaintiff in the attached **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND UNENFORCABILITY** in the above-captioned action are true and correct to the best of my knowledge and belief, and that all allegations specified as made by Plaintiff on information and belief are believed by me to be true.

Dated this 26th day of June, 2017.

                                                                           Joseph H. Edwards

LIST OF EXHIBITS

| EXHIBIT | |
|---|---|
| 1 | United States Trademark Registration 4,984,218 |
| 2 | Letter dated May 9, 2017 from Mr. Trojan representing CAPBRAN to Mr. Edwards of REBOUND. |
| 3 | Letter from Mr. Trojan representing CAPBRAN to Mr. Rossa representing REBOUND dated June 23, 2017 |
| 4 | United States Trademark Registration 2,947,492 |
| 5 | United States Trademark Registration 2,929,383 |
| 6 | Letter dated June 19, 2017 from Mr. Rossa to Mr. Trojan |